UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 16-114-DLB-CJS

FREDERICK LEE DAVIS                                                            PETITIONER

v.          **ORDER ADOPTING REPORT AND RECOMMENDATION**

SCOTT JORDAN,[1] **Warden**
**Luther Luckett Correctional Complex**                             RESPONDENT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.     INTRODUCTION

This matter is before the Court upon pro se Petitioner Fredrick Lee Davis's Motion for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. # 1). Davis is an inmate at the Luther Luckett Correctional Complex in LaGrange, Kentucky. (Doc. # 21). Consistent with local practice, this matter was referred to United States Magistrate Judge Candace J. Smith for the purpose of reviewing the Petition and preparing a Report and Recommendation ("R&R"). On July 5, 2019, Judge Smith issued her R&R (Doc. # 21) wherein she recommends that Davis's Petition be denied. Davis having filed timely

---

[1] When Davis first filed his Petition, he was incarcerated at the Kentucky State Reformatory, where Aaron Smith was the Warden. (Doc. # 1). During the pendency of this action, however, Davis was transferred to the Luther Luckett Correctional Complex, (Doc. # 20), where Scott Jordan is the Warden, *Luther Luckett Correctional Complex*, COMMONWEALTH OF KENTUCKY DEPARTMENT OF CORRECTIONS (Jan. 3, 2019, 10:39 AM), https://corrections.ky.gov/Facilities/AI/llcc/Pages/default.aspx. In a § 2254 habeas petition, the proper respondent is the "state officer who has custody" of the petitioner. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. Thus, the Court has substituted Scott Jordan in the case caption, as he is the proper Respondent in this action. (Doc. # 21 at 1 n.1).

Objections to the R&R,[2] (Doc. # 26), Respondents having responded to the Objections, (Doc. # 28), and Davis having replied after securing permission from the Court to do so, (Docs. # 30 and 31), the R&R is now ripe for the Court's review. For the reasons set forth herein, Davis's Objections are **overruled,** and the R&R is **adopted** as the findings of fact and conclusions of law of the Court.[3]

## II.   ANALYSIS

### A.   Standard of Review

Upon the issuance of an R&R, any party is permitted to file written objections to any of the findings within the R&R. (Doc. # 21 at 34) (citing 28 U.S.C. § 636(b)(1)). A district judge must then review de novo any properly-objected-to portions of the R&R. 28 U.S.C. § 636(b)(1). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The objection process "is supported by sound considerations of judicial economy," as "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

Only proper objections are considered by the district judge. Objections to an R&R must be "specific . . . to the proposed findings and recommendations." FED. R. Civ. P. 72(b)(2). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole*

---

[2]   The Petitioner previously moved for an extension of time to file objections, (Doc. # 24), which the Court granted, (Doc. # 25).

[3]   In the interest of judicial efficiency, the Court will herein incorporate the exhaustive review of the factual and procedural background of this case included in Judge Smith's R&R. (Doc. # 21 at 2–6).

v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Additionally, to be considered proper, objections must do more "than state a disagreement with a magistrate's suggested resolution" or restate those arguments that "ha[ve] been presented before." *United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11, 2017) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)). An objection that "is simply a repetition of what the Magistrate Judge has already considered . . . fails 'to put the Court on notice of any potential errors in the Magistrate's R&R'" and is thus improper. *United States v. Bowers*, No. 0:06-cv-7-DLB-REW, 2017 WL 6606860, at *1 (E.D. Ky. Dec. 26, 2017) (quoting *United States v. Shephard*, No. 5:09-cr-81-DLB, 2016 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016)). Finally, objections must be understandable in order to be considered. When objections are so unclear that "even the most perspicacious judge [would have] to guess at [their] meaning . . . the district court judge should not be forced to waste time interpreting such requests." *Howard v. Sec. of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "[T]o the extent the Court can identify specific objections, the Court 'is not required to articulate all of the reasons it rejects a party's objections.'" *Hnatiuk v. Rapelje*, No. 06-13880, 2010 WL 2720881, at *1 (E.D. Mich. July 8, 2010) (quoting *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001)); *see also Tuggle v. Seabold*, 806 F.2d 85, 92 (6th Cir. 1986) (finding that it was sufficient for the district court, when adopting an R&R, to merely state that it made a de novo review of the record and of all objections to the magistrate's findings and recommendations).

A court should, however, construe filings from a pro se petitioner liberally, *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th

Cir. 1985), though this requirement is not absolute, *Martin v. Overton*, 391 F.32d 710, 714 (6th Cir. 2004).  Such "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf," *id.*, and "pro se parties must still brief the issues advanced 'with some effort at developed argumentation,'" *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) (quoting *United States v. Reed*, 167 F.3d 984, 993 (6th Cir. 1999)). Additionally, a pro se petitioner is not exempt from following the rules of a court. *Ashenhust v. Ameriquest Mortg. Co.*, No. 07-13352, 2007 WL 2901416, at *1 (E.D. Mich. Oct. 3, 2007) (citing *McNeill v. United States*, 508 U.S. 106, 113 (1993)) (While "[t]hese [objection] rules are tempered by the principle that *pro se* pleadings are to be liberally construed . . . a *pro se* litigant must still comply with the procedural rules of the court."). Given this, Davis's objections will be construed leniently by the Court, but those that are *clearly improper* will not be considered.

### B. Davis's Objections

Reading Davis's Objections and Reply liberally as required, *see Boswell*, 169 F.3d at 387; *Franklin*, 765 F.2d at 84–85, it appears that he raises five main objections to the R&R.  Within some of Davis's main objections, the Court has identified statements that could be construed as more specific objections.  Each will be addressed by the Court in turn.  At the outset, the Court must note, however, that Davis's arguments are difficult to follow.  Many of his arguments are vague or conclusory, while others, even construed leniently, are incomprehensible.  The Court has carefully reviewed the filing, but the filing's lack of organization and structure make this task difficult.

### *1.     General Objection*

Initially, Davis "objects to all adverse findings and conclusions of law set[]forth in the U.S. Magistrate[']s[] Report and Recommendation[]." (Doc. # 26 at 1). He comments that his objections are explained in his Reply to Respondent's Response to his Petition— a document which was reviewed by Judge Smith prior to her issuing her R&R. *Id.* (referring to (Doc. # 16)). Such a general objection is improper as it is not specific to the magistrate judge's R&R. *Holloway v. Palmer*, No. 16-2450, 2017 WL 4844457, at *2 (6th Cir. Apr. 5, 2017) (finding that a petitioner did not specifically object to the magistrate's handling of certain claims when the petitioner stated that "Petitioner objects to any and all adverse findings by the Magistrate judge and asks this court to defer to the argument and case law found in Petitioner's Petition for Writ of Habeas Corpus."); *see also Miller*, 50 F.3d at 380 (finding that objections that allege the magistrate's recommendation is incorrect, but "fail[ing] to specify the findings . . . believed [to be] in error" are overly general and improper). Additionally, by acknowledging that his objections are explained in the Reply in support of his Petition for Writ of Habeas Corpus, Davis effectively admits that his objections are merely repetitive of the arguments that were before Judge Smith. (Doc. # 26 at 1). Unfortunately for Davis, non-specific objections and objections that are "simply a repetition of what the Magistrate Judge has already considered" are improper. *Bowers*, 2017 WL 6606860, at *1; *see also* FED. R. CIV. P. 72(b)(2). Thus, Davis's general objection is **overruled**. As noted, *infra*, to the extent Davis's other objections repeat that which was previously before the Court, those objections are also **overruled**.

### 2. *Objection to the Conclusion That the Trial Court's Retrial of the Penalty Phase Was Not Improper*

Defendant's first more specific main objection is to Judge Smith's conclusion that the trial court's "retrial" of the penalty phase was not improper. (Doc. # 26 at 1–7). While this objection is aimed at one of the conclusions that Judge Smith reached in her R&R, its specificity ends there. In making this objection, Davis parrots arguments that were presented in his initial Petition for Writ of Habeas Corpus, *see, e.g.*, *id.* at 1 (citing to his initial Petition and making a conclusory assertion that his Fifth, Sixth, and Fourteenth Amendment rights were violated when the trial court retried the penalty phase); *id.* at 2–3 (repeating verbatim arguments presented on pages 6 and 10 of his Petition). He also summarizes that which occurred earlier in the procedural history of this case, *see, e.g.*, *id.* at 1–3.

Additionally, in making this objection Davis presents conclusory statements without providing supporting arguments as to why his conclusion should be reached, or how Judge Smith's conclusion was in error. *See, e.g.*, *id.* at 4 (stating that he was deprived of his due process rights and merely providing a string of citations without any explanation to support his conclusion); *id.* (stating that he presented his habeas claim as a federal constitutional issue and listing the factors the court considers but failing to explain how the indicators apply to his arguments); *id.* (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) (stating, without explanation, that he "use[d] language and alleged facts 'within the mainstream of constitutional law'"); *id.* at 5 (quoting *Lucey v. Lavigne,* 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001) (stating, without citing to any facts, that "Petitioner has stated facts that the trial court, as well as, the Kentucky Supreme Court was fully aware that the error made during sentencing was 'wholly unauthorized by

6

law'"); *id.* (quoting *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001) (claiming, without providing an explanation as to why, that "petitioner believes 'the appeal would have had, with reasonable probability, a different outcome if the attorney adequately addressed the issue'"). In his Reply in Support of his Objections, Davis merely reiterates these arguments and summarizes Judge Smith's conclusions in her R&R; he again fails to provide any explanation as to why Judge Smith's conclusion is objectionable. (Doc. # 31 at 2).

Throughout the entirety of his objection to the retrial of his penalty phase, Davis only mentions Judge Smith's R&R once—in the heading of the objection. *See id.* at 1–7. In other words, Davis has failed to state any *specific* objection to Judge Smith's conclusion in the R&R regarding the penalty phase of the trial. Rather, he presents a series of conclusory arguments that are difficult to follow, and he fails to present any arguments in support of those conclusions. As Davis's objection is not specific to the R&R, and his arguments in support of that objection are conclusory or were arguments previously before Judge Smith, this objection is **overruled** as improper. *Cole*, 7 F. App'x at 356; *Bowers*, 2017 WL 6606860, at *1; *Vanover*, 2017 WL 1356328, at *1; *see also* FED. R. Civ. P. 72(b)(2).

### 3. *Objection to the Conclusion That Trial Counsel Did Not Render Ineffective Assistance of Counsel by Failing to Brief the Sentencing Error*

Next, Davis objects to Judge Smith's conclusion that his trial attorney did not render ineffective assistance of counsel by failing to submit briefs on how the trial court should have resolved the alleged sentencing error.[4] (Doc. # 26 at 7–10). In his objection,

---

4    As Judge Smith explained:

Davis makes the conclusory assertion that "he received ineffective assistance of counsel when trial counsel failed to brief the sentencing error" and summarizes how this issue came about and was dealt with by the Kentucky court system. (Doc. # 26 at 8–10). In his summary, Davis reiterates his belief that "the Kentucky Court of Appeals incorrectly misapplied the *Strickland* standard" when finding that there was no prejudice. *Id.* at 10. He claims this is the case because "the first and second sentencing juries reach[ed] the same conclusion[]" that the ten-year and twenty-year sentences should be served consecutively. *Id.* at 8. He claims that he was indeed prejudiced and that Judge Smith did not liberally construe his Petition. *Id.* at 10. None of these comments, however, specifically object to any portion of Judge Smith's R&R and are therefore improper objections and will be **overruled**. FED. R. CIV. P. 72(b)(2).

Only one comment in this section of Davis's Objections could be considered a proper objection. In her R&R, Judge Smith found that the Kentucky Court of Appeals properly applied *Strickland* in finding that Davis was not prejudiced because "Davis . . . conceded that he was satisfied with the first sentencing recommendation and [only] alleged that he was prejudiced by having to *undergo* a second penalty phase." (Doc. # 21 at 19) (emphasis added). She concluded that "Davis was not prejudiced by the second penalty phase, because the second jury reached the same result as the first—*which Davis*

---

Following the first jury's sentencing recommendation, but before sentencing, the judge identified an error in the verdict form, which failed to provide the jury with the option of running Davis's two sentences concurrently or consecutively in whole or in part. After the trial judge identified the error, the trial judge requested briefing from Davis and the Commonwealth regarding whether error occurred and to determine a reasonable and fair remedy. However, neither party filed briefing on the issue. Without input from counsel, the trial judge determined that the best way to correct the error would be to empanel a second jury for the limited purpose of recommending whether the sentences should run consecutively or concurrently.

(Doc. # 21 at 16–17) (internal quotations and citations omitted).

*felt was proper.*" *Id.* (emphasis added). As such, Judge Smith ultimately found that "the Kentucky Court of Appeals reasonably applied *Strickland* to find that Davis failed to demonstrate prejudice, and habeas relief based on this claim should be denied." *Id.* at 20.

While Davis's arguments are somewhat unclear, reading his objection as liberally as possible, it appears that Davis disputes Judge Smith's characterization of his satisfaction with the first sentencing recommendation. (Doc. # 26 at 10) ("It is incorrect to say petitioner was satisfied with the sentencing that was received during the sentencing even though the court used the proper sentencing instruction."); *see also* (Doc. # 31 at 3). Davis's objection is misplaced, however. In his brief before the Kentucky Court of Appeals, Davis explained that "after the Defendant was *properly sentenced* during the first sentencing phase[] Counsel allowed defendant to be resentenced under . . . erroneous jury instruction[s]." (Doc. # 13-2 at 244) (emphasis added). As Defendant admitted that his initial sentencing was proper, the Court agrees with Judge Smith's analysis and conclusion that the Kentucky Court of Appeals did not err in finding that Davis was not prejudiced by his attorney's failure to brief the sentencing issue under *Strickland*. (Doc. # 21 at 18–19). Accordingly, that Court of Appeals decision must be upheld. Thus, to the extent that Davis's comment is a specific objection to the R&R, it is **overruled**.

In his Reply in Support of his Objections, Davis again objects to Judge Smith's conclusion and argues that her finding that he was not prejudiced "is a total misinterpretation and is improper." (Doc. # 31 at 3). He also claims that "Magistrate is incorrect in that the Petitioner did not allege the kind of prejudice necessary to satisfy

9

Strickland." *Id.* Such conclusory objections without any arguments in support of them are improper and must be **overruled**. *Cole*, 7 F. App'x at 356. Moreover, as new arguments may not be raised in a reply brief, *United States v. Turek*, No. 5:11-cr-29-JMH-HAI, 2015, WL 5838479, at *6 (E.D. Ky. Oct. 6, 2015) (quoting *Hadley v. United States*, No. 1:06-CR-5, 2010 WL 2573490, at *6 (W.D. Mich. June 22, 2010) ("It is well-established that a party . . . may not raise an argument for the first time in a reply brief."), to the extent the arguments in his Reply are new, they are improper.

> **4. Objection to the Conclusion That Trial Counsel Did Not Render Ineffective Assistance of Counsel by Failing to Object to and/or Eliciting Certain Witness Testimony**

Next Davis objects to Judge Smith's conclusion that the trial counsel's failure to object to certain witness testimony and elicitation of certain witness testimony did not constitute ineffective assistance of counsel.

> **a. Many of Davis's Arguments Are Conclusory and Repetitive**

Again, in objecting to Judge Smith's conclusion, Davis reiterates arguments he previously made in his initial Petition and Reply in Support of his Petition to support his claim; he also summarizes how the claim was dealt with in earlier stages of this litigation and in Judge Smith's conclusions. (Doc. # 26 at 11–12). Additionally, throughout this objection, Davis continues to make conclusory statements, unsupported by citations to the record, about what happened earlier in the proceedings. *See, e.g.*, *id.* at 15–17. To the extent his objection does not relate to the R&R or merely repeats that which was before Judge Smith, it is **overruled**.

Specifically, Davis reasserts his argument that the prosecutor improperly represented what the witnesses would show during opening arguments of the penalty

phase and improperly questioned witnesses Dr. Allen and Dr. Connor during their testimony. (Doc. # 26 at 19–21). In presenting his objection, Davis makes conclusory arguments about the allegedly improper testimony, *see, e.g.*, (Doc. # 26 at 10) (claiming that the "prosecutor engaged in eliciting inadmissible evidence concerning petitioners' mental illness" and "improperly vouched for the government witness supporting the credibility of Dr. Allen by indicating a personal belief in the witnesses [sic] credibility"), but he fails to point to evidence in the record which supports his contentions. While it is not completely clear given the rambling form of Davis's objections and arguments, it appears as though the arguments presented about these witnesses in his objection reiterates arguments from his initial Petition and Reply in Support of his Petition. *Compare* (Doc. # 26 at 19–21), *with* (Doc. # 1 at 11, 13–14) *and* (Doc. # 16 at 10–12). Again, as the arguments in support of the objection were previously before Judge Smith and are conclusory, they must be **overruled** as improper. *See Cole*, 7 F. App'x at 356; *Bowers*, 2017 WL 6606860, at *1; *Vanover*, 2017 WL 1356328, at *1.

### b. Davis's Objections to Judge Smith's Analysis of Prejudice Under *Strickland* Lack Merit

Davis does appear, however, to make specific objections to Judge Smith's conclusion that he was not prejudiced even though he "had been sentenced to the maximum penalty." (Doc. # 26 at 12). First, he objects to Judge Smith's "conclusion" that "actual prejudice exists when there is a reasonable probability that the petitioner would have avoided even a minimal amount of additional time of prison were it not for counsel's performance at sentencing." *Id.* (citing *Glover v. United States*, 531 U.S. 198 (2001)). Davis claims that *Glover* does "not support such a proposition and petitioner therefore objects to this use." *Id.* The Court has reviewed Judge Smith's R&R, however, and finds

that she never reached the "conclusion" that Davis attributes to her. *See* (Doc. # 21). In fact, Judge Smith only cites to *Glover* in one small section of the R&R where she acknowledges that "the Supreme Court has recognized a right to effective representation during sentencing" and summarizes one of Davis's arguments. *Id.* at 24. It is clear that Davis's objection is not specific to Judge Smith's R&R. Accordingly, the objection must be **overruled**.

Davis also objects to Judge Smith's reliance on *Woods v. Donald*, which she found supports the conclusion that Davis was not prejudiced even though he was sentenced to the maximum penalty. (Doc. # 26 at 12) (citing *Woods v. Donald*, 575 U.S. 312 (2015)). Specifically, he claims that two earlier Supreme Court cases—*Glover* and *Lafler v. Cooper*—are contrary to the holding in *Woods*. *Id.* at 12–13. (citing *Lafler v. Cooper*, 566 U.S. 156 (2012); *Glover*, 531 U.S. 198). In reviewing his objection and Judge Smith's R&R, it appears that Davis misunderstands Judge Smith's conclusion. Among other things, *Woods* highlights the level of specificity necessary for a state court decision to be found to be contrary to clearly established law as determined by the Supreme Court[5]; in order for a state court's ruling to be contrary to a holding by the Supreme Court, the issue before the state court must "confront 'the *specific* question'" presented in the respective Supreme Court case. *Woods*, 575 U.S. at 317 (emphasis added) (quoting *Lopez v. Smith*, 574 U.S. 1, 6 (2014)). *Woods* explains that when "circumstances of a case are only 'similar to' [Supreme Court] precedents, then the state court's decision is not 'contrary to'

---

5    "Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) . . . a federal court may grant habeas relief *only* when a state court's decision on the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by' decisions from the [United States Supreme Court], or was 'based on an unreasonable determination of the facts.'" *Woods*, 575 U.S. at 315 (quoting 28 U.S.C. § 2254(d)) (emphasis added).

the holdings in those cases." *Id.* at 317–18 (citing *Carey v. Musladin*, 549 U.S. 70, 76–77, 76 n.2 (2006)). Judge Smith merely cites to *Woods* for the principle that the question before the state court must *essentially be the same* question that was presented in a Supreme Court case in order for a state court's decision to be found to be contrary to the law established by the Supreme Court. (Doc. # 21 at 24). Having reviewed *Glover* and *Lafler*, the Court finds that neither of these cases contradict the principle articulated by Judge Smith from *Woods*, so this objection is **overruled**.

From his objection claiming *Lafler and Glover* are contrary to *Woods* and presumably should have changed Judge Smith's conclusion, it appears that Davis is reiterating his belief that because Supreme Court and Sixth Circuit case law has indicated that the reasonable probability of an increased sentence is grounds for actual prejudice under *Strickland*, he was prejudiced by the failure to object to the at-issue testimony.[6] (Doc. # 26 at 12–13) (citing *Lafler*, 566 U.S. 156; *Glover*, 531 U.S. 198). It seems as though Davis misunderstands how a district court is required to review the prejudice prong of *Strickland* at this point in a § 2254 proceeding. As Judge Smith explained, courts go through a two-part test to determine if a defendant has been subject to ineffective assistance of counsel under *Strickland*: (1) the counsel's performance was constitutionally deficient, and (2) the defendant suffered prejudice as a result. (Doc. # 21 at 8–9) (discussing *Strickland v. Washington*, 466 U.S. 668, 687–95). Both prongs must be met in order for ineffective assistance to be found. *Id.* at 9 (citing *Strickland*, 466 U.S. at 697). During a § 2254 proceeding, however, a district court is reviewing a state court's analysis under *Strickland*; at that point it is the job of the federal court to determine if the

---

[6] Davis appears to think that without the allegedly objectionable witness testimony, he might not have been sentenced to the maximum penalty. (Doc. # 26 at 12).

13

state court's "determination [under *Strickland*] was *unreasonable*" not to consider whether "the state court's determination under *Strickland* was *incorrect*." *Id.* at 9 (emphasis added) (quoting *Knowles v. Mizayance*, 556 U.S. 111, 123 (2009)). Thus, the standard of review for a federal court considering a state court's *Strickland* analysis during a habeas proceeding is "highly deferential." *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

As Judge Smith explained, there is no Supreme Court precedent that requires a court to find prejudice when a defendant alleges that "counsel's failure to object to the [allegedly inappropriate] testimony influenced the jury's decision to recommend the maximum sentence." (Doc. # 21 at 23–24). Thus, she found that the conclusion of the Kentucky Court of Appeals that the *Strickland* prejudice prong was not met was not an unreasonable application of federal law, and therefore should not be disturbed. *Id.* at 25.

Neither *Lafler* nor *Glover* changes this conclusion; both are distinguishable from the case at bar and neither makes the conclusion of the Kentucky Court of Appeals unreasonable. Among other things, *Lafler* deals with a respondent not accepting a plea agreement and proceeding to trial, which ultimately led to an increased sentence, *id.* at 174; this is significantly different from the case at bar where Davis claims that certain testimony may have led the jury to give him a higher sentence than if the testimony had not been presented, (Doc. # 21 at 23–24). *Glover* is similarly distinguishable as it deals with a finding of prejudice when a defendant was sentenced to increased prison term due to an allegedly erroneous calculation under the federal sentencing guidelines, 531 U.S. at 200; *Glover* specifically acknowledges that it does not apply to cases where trial strategy (including not objecting to certain testimony) may have led to a higher sentence,

14

*id.* at 204 ("This is not a case where trial strategies, in retrospect, might be criticized for leading to a harsher sentence."). Neither case indicates that the decision of the Kentucky Court of Appeals under *Strickland* was unreasonable. As neither *Glover* nor *Lafner* requires Judge Smith to have reached a different result, Davis's objection allegedly supported by these cases is **overruled**.

### c. Judge Smith Considered All of Davis's Arguments Regarding the Allegedly Improper Testimony

Furthermore, upon reading his objection liberally, Davis appears to claim that Judge Smith misunderstood his arguments regarding the allegedly improper testimony. (Doc. # 25 at 13); *see also* (Doc. # 31 at 3) (seeming to make the same allegation in his Reply in Support of his Objections). He appears to claim that Judge Smith only considered whether counsel was ineffective for failing to object to testimony during the guilt phase of the trial, but that he was arguing that his attorney was ineffective for not objecting to the testimony being presented during the sentencing phase of the proceedings. (Doc. # 26 at 13).

The Court acknowledges that Davis's initial claim was not clear. In reviewing his original Petition, (Doc. # 1), it appears that he is discussing testimony that took place during the guilt phase of the trial, but also suggests that some of that testimony was heard by the penalty jury. *Id.* at 7–8, 11, 13, 14. Thus, it is not completely clear when during the trial he is claiming that a failure to object rose to the level of ineffective assistance. However, Judge Smith acknowledged Davis's claim that the testimony during the penalty phase was problematic; in fact, she noted that the Kentucky Court of Appeals did not find that testimony to be problematic (Doc. # 21 at 22–23) (indicating that "The Kentucky Court of Appeals acknowledged Davis's argument that the testimony of the two psychologists

15

was in fact presented to the second penalty jury but declared this argument moot in light of the court's finding that the testimony did not prejudice Davis's [extreme emotional disturbance] defense" and later explaining that no prejudice was found by the Court of Appeals because "Davis could not demonstrate his counsel's failure to object to the testimony in question—relating to his [extreme emotional disturbance] defense—resulted in prejudice, because the defense was ultimately successful."). From these comments, it seems as though Judge Smith *did* consider Davis's claim that his counsel provided ineffective assistance by failing to object to the presentation of the testimony to the penalty jury and not just during the guilt phase of the trial. Additionally, Davis has not pointed to any case law which indicates that Judge Smith's conclusion would be different had she considered the testimony during the penalty phase, rather than the guilt phase. Accordingly, the objection will be **overruled**.

### d. An Evidentiary Hearing Is Not Warranted

Finally, as part of this objection, Davis requests that an evidentiary hearing be held on this ineffective-assistance-of-counsel claim. (Doc. # 26 at 16–17). "[I]f an applicant for habeas relief 'has failed to develop the factual basis of a claim in State court proceedings,' a district court may not grant an evidentiary hearing on the claim unless the applicant shows that" (1) the claim was based on "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence" and (2) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

16

*Robinson v. Howes*, 663 F.3d 819, 823–24 (6th Cir. 2011) (quoting 28 U.S.C. § 2254(e)(2)). There is no evidence presented here which suggests that Davis failed to develop the factual basis of his claim during the state proceedings and an evidentiary hearing should be granted on these grounds.

"When the applicant has been diligent, the decision to grant an evidentiary hearing is left to the district court's sound discretion." *Id.* (citing *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petitioner's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schiro*, 560 U.S. at 474. If "the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* Given that Judge Smith's conclusion that the Kentucky Court of Appeals was not unreasonable in its application of *Strickland* is based on case law, rather than factual findings, the Court finds that an evidentiary hearing would not be helpful in resolving this claim and agrees with Judge Smith's conclusion that a hearing is unnecessary. To the extent that Davis's request for a hearing is an objection, it is **overruled**.

> 5. *Objection to the Conclusion that Trial Counsel Did Not Render Ineffective Assistance of Counsel by Failing to Object to the Prosecutor's Remarks to the Penalty Jury and that Appellate Counsel Did Not Render Ineffective Assistance of Counsel by Failing to Raise this Issue on Direct Appeal*

Finally, Davis, citing his initial Petition, reiterates his belief that his attorney provided ineffective assistance of counsel by failing to object to some of the prosecutor's remarks to the penalty jury, and by failing to raise the prosecutor's remarks on appeal.

17

(Doc. # 26 at 17). Again, Davis summarizes the arguments he previously raised in support of these claims and the procedural history of these claims. *Id.* at 17–18. Specifically, he reiterates those comments which he argued in his Petition were improper. *Compare id.* at 18–19, *with* (Doc. # 1 at 10–11, 14). He also repeats his argument from his Reply in Support of the Petition that the prosecutor's comments during his closing arguments of the sentencing phase were flagrant. *Compare* (Doc. # 26 at 18–19), *with* (Doc. # 16 at 13–14). As these arguments were previously before Judge Smith, these objections are **overruled** as improper. *See Bowers*, 2017 WL 6606860, at *1; *Vanover*, 2017 WL 1356328, at *1

Additionally, in his Reply in Support of his Objections, Davis merely reiterates Judge Smith's conclusions and states that they are improper, without providing any support or argumentation in support of his statements. (Doc. # 31 at 3–4). As the statements are not specific to any part of her R&R, and Davis fails to offer arguments to support his statements, they are similarly **overruled** as improper. *See Cole*, 7 F. App'x at 356; *see also* FED. R. CIV. P. 72(b)(2).

## III. CONCLUSION

In sum, Davis fails to raise any specific, discernable, or meritorious legal objections to Judge Smith's conclusions. Additionally, the Court has reviewed the entirety of Judge Smith's R&R and finds that its analysis and conclusions are sound in all respects. Accordingly, for the reasons set forth herein, Davis's Objections are **overruled**. Having found no clear objections that have merit, having carefully reviewed Judge Smith's R&R, and having agreed with her analysis and conclusions,

**IT IS ORDERED** as follows:

(1) The Report and Recommendation of the United States Magistrate Judge (Doc. # 21) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

(2) Defendant's Objections (Doc. # 26) are hereby **OVERRULED** as set forth herein;

(3) Defendant's Motion for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. # 1) is hereby **DENED**;

(4) This matter is hereby **DISMISSED** and **STRICKEN** from the Court's Active docket;

(5) For the reasons set forth herein and in the Magistrate Judge's Report and Recommendation (Doc. # 21), the Court determines that there would be no arguable merit for an appeal in this matter and, therefore, **NO CERTIFICATE OF APPEALABILITY SHALL ISSUE**; and

(6) A separate Judgment will be filed concurrently herewith.

This 2nd day of February, 2020.



Signed By:
David L. Bunning  DB
United States District Judge

J:\DATA\ORDERS\Cov2016\16-114 Order Adopting 2254 R&R.docx